NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2883
_____

MIE JING OEI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A079-318-493
Immigration Judge:  William Van Wyke

_____

Submitted Under Third Circuit LAR 34.1(a)
on July 12, 1010

Before:  RENDELL, JORDAN, and GREENAWAY, JR. <u>Circuit Judges</u>.

(Filed: September 2, 2010)

_____

OPINION OF THE COURT

_____

RENDELL, <u>Circuit Judge</u>.

Mie Jing Oei petitions for review of a final order of removal rendered by

the Board of Immigration Appeals ("BIA").  For the reasons that follow, we will deny the petition for review.

Oei, an ethnically Chinese citizen of Indonesia, entered the United States in 1999 with a six-month visitor visa.  After arriving in the United States, Oei first lived in Harrisburg, Pennsylvania, where she worked as a caretaker for an elderly woman.  Upon moving to Philadelphia in March 2001, Oei learned from speaking with other immigrants that she needed to take steps to stay in the country.  Oei filed an untimely application for asylum a year and two weeks after her visa had expired.[1]  In her application, Oei claimed that she was persecuted in Indonesia as a Chinese Christian.

On April 25, 2002, the Immigration Judge ("IJ") found that, pursuant to 8 U.S.C. § 1158(a)(2)(D), the untimeliness of Oei's asylum application was excused due to "extraordinary circumstances."[2]  The IJ explained that while in Harrisburg, Oei was extremely isolated, and that she applied for asylum within a reasonable time after learning that it was required if she wanted to stay in the country.  The IJ then found that Oei had a well-founded fear of persecution as a Chinese Pentecostal living in Indonesia, and granted her asylum.  The IJ denied Oei's request for protection under the Convention Against Torture because he did not find that it was more likely than not that she would be tortured

---

[1] An alien must apply for asylum within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2)(B).

[2] An untimely application for asylum may be considered if the alien faced "extraordinary circumstances" related to the delay in filing.  8 U.S.C. § 1158(a)(2)(D).

if she returned to Indonesia.

On November 15, 2007, the BIA reversed the IJ's asylum determination but granted Oei voluntary departure. The BIA found that compared to the circumstances facing other immigrants seeking asylum, Oei's circumstances were not extraordinary and thus her application was untimely. Oei filed a petition for review and we held that the BIA erred by engaging in *de novo* review of the IJ's factual findings and remanded the case to the BIA. On remand, the BIA determined that the IJ's factual findings were not clearly erroneous. The BIA then reviewed *de novo* the IJ's application of the law to the facts as found by the IJ, and determined that Oei's application was untimely as she did not satisfy the "extraordinary circumstances" exception. Consequently, the BIA again vacated Oei's grant of asylum and extended her period of voluntary departure.

Oei filed another petition for review claiming that the BIA incorrectly applied a *de novo* standard of review to the IJ's finding that Oei met the extraordinary circumstance exception to excuse her untimely filing for asylum.

We do not have jurisdiction to review the BIA's or the IJ's discretionary determination that Oei did not satisfy the extraordinary circumstance exception. *See Sukwanputra v. Gonzales*, 434 F.3d 627, 635 (3d Cir. 2006) (holding that 8 U.S.C. § 1158(a)(3) "divest[s] the court of appeals of jurisdiction to review a decision regarding whether an alien established changed or extraordinary circumstances that would excuse his untimely filing."). However, we have jurisdiction to review questions of law,

including whether the BIA applied the correct standard of review to the IJ's determinations. 8 U.S.C. § 1252(a)(2)(D); *see Pareja v. Att'y Gen.*, _ F.3d _ , No. 08-4598, 2010 WL 2947239 at *4 (3d Cir. July 29, 2010). The BIA may review questions of law, discretion, and judgment *de novo.* 8 C.F.R. § 1003.1(d)(3)(ii). Because applying the facts to determine whether an alien established "extraordinary circumstances" is a discretionary decision, *see Sukwanputra*, 434 F.3d at 635, *de novo* review was proper. Thus, the BIA used the appropriate standard and we will DENY the petition for review.